## No. 12,281.

### SUCCESSION OF CAROLINE VANHILLE.

The amount of a legacy in an olographic testament being expressed in figures does not invalidate the donation.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry.    *Perrault, J.*

*Kenneth Baillio* for Legatee, Appellee.

*Gilbert L. Dupré* for Opponents, Appellants.

Submitted on briefs December 14, 1896.
Opinion handed down January 4, 1897.

The opinion of the court was delivered by

WATKINS, J.   The sole question in this case is whether a legacy in an olographic will expressed in figures is valid, and it is presented by an opposition on behalf of certain heirs by representation of the testator.

We make the subjoined extract from the brief of opponent's counsel, viz. :

" The deceased made an olographic will containing sundry legacies, among others, the following one, viz. :   ' Je donne mon argenterie *et three hundred dollars* de plus que ce quil doit heriter de ma succession a mon dernier fils Lucius G. Dupre.'    (Italics ours.)

"The opponents contend that this donation is not made in conformity with law, and is, therefore, null and void."

Our Code prescribes the following form for an olographic testament, viz. :

"The olographic testament is that which is written by the testator himself.

" In order to be valid, it must be entirely written, dated and signed by the hand of the testator.   It is subject to no other form," etc.   R. C. C. 1588.

The language of the French Code is almost identical with that of our Code.

" An olographic will shall not be valid unless it is written through-out, dated and signed by the testator," etc.. C. N., Art. 970.

To be valid, this kind of a testament must be " written through-out," or " entirely written by the hand of the testator."

But this article is closely coupled with another found in the section which treats " of the opening and proof of testaments, which declares that " the olographic testament * * * must be acknowl-edged and proved [by the declaration of two credible persons, who must attest that they recognize the testament as being entirely writ-ten, dated and signed in the testator's handwriting, as having often seen him write and sign during his lifetime." R. C. C. 1655.

The latter article explains that the words of the former, " entirely written by the hand of the testator, " mean " entirely written in the testator's handwriting."

The transcript shows that this provision of the law was complied with, and the fact established that the testament was entirely writ-ten in the handwriting of the testator.

This last article has been so amended as to require the judge $a$ $quo$ " to interrogate witnesses under oath touching their knowledge of the testator's handwriting and signature, and (to) satisfy himself that they are familiar therewith," etc. Act 119 of 1896.

And these essentials having been complied with, the will should have been admitted to probate. The judge $a$ $quo$ did admit it to pro-bate in so far as its probate was not opposed; and subsequently overruled the opposition and probated it in its entirety, and oppo-nents have appealed.

These articles were dealt with and interpreted in Fuentes vs. Gaines, 25 An. 85; and Succession of Roth, 31 An. 315.

We are not aware of any decision of this court in which this pre-cise question has been decided; but the French authorities have put the question at rest.

" At the moment," one author says, "that the testament is written in its entirety in the testator's hand, it avails for the pur-pose, whatever the manner it is written, and whatever the substance on which it is written. Therefore, that it is found on paper, parch-ment, cartoon paper, or of linen; whether written with ink, blood or any other liquid, or written with a pencil; whether the will be expressed in abbreviations or quantities—$i.$ $e.$, amounts fully ex-pressed, or in figures, etc., is of no importance, if, irrespective of this, the will can be read—all that is requisite."

4 Marcade Explanation du Code Napoleon, p. 6; C. N., Art. 970; 3 Troplong Comms.

And in the annotations of another author on the Code Napoleon a number of commentators are quoted to the same effect as the foregoing extract from Marcade, viz.:

Pothier on Donations and Testaments, Ch. 1, Art. 2, Sec. 2; Merlin Rep., *vo.* Testam., Sec. 2, par. 4, Art. 3, N. J.; 1 Duranton, Tr. 9, n. 51; Coin Delisle, n. 16.

*Vide* Gilbert Codes Annotes, p. 427, No. 43—interpreting Code Napoleon, Article 970.

We are of opinion that the legacy is valid.

Judgment affirmed.